STEVEN G. KALAR
Federal Public Defender
Northern District of California
GRAHAM ARCHER
Assistant Federal Public Defender
13th Floor Federal Building - Suite 1350N
1301 Clay Street
Oakland, CA 94612
Telephone:   (510) 637-3500
Facsimile:   (510) 637-3507
Email:        Graham_Archer@fd.org

Counsel for Defendant Hernandez

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEX HERNANDEZ,<br><br>Defendant. | **Case No.:** CR 20–20 WHA<br><br>**DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE**<br><br>**Court:**  Courtroom 8, 19th  Floor<br>**Hearing Date:**  May 26, 2020<br>**Hearing Time:**  2:30 p.m. |

**INTRODUCTION**

This case arises from the arrest of Mr. Hernandez by the San Francisco Police Department after an undercover officer purchased four small bags of methamphetamine for twenty dollars.  He has been charged in Federal Court as part of the "Federal Initiative for the Tenderloin."  Mr. Hernandez has no prior criminal convictions, and as a citizen of Honduras without legal immigration status in the United States, he faces deportation at the conclusion of his sentence.

Mr. Hernandez asks that the Court adopt the joint recommendation of the parties, set forth in the plea agreement at Paragraph 8, and impose a sentence of three months, or "time served," after considering the offense conduct and other relevant sentencing factors.

**STATEMENT OF FACTS**

Pursuant to the negotiated plea agreement, Mr. Hernandez intends to enter a plea of guilty to Count 1 of the Indictment, which charges him with Distribution of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  The factual basis underlying this plea is as follows:  On December 12, 2019, Mr. Hernandez was near Mission and Seventh Street in San Francisco when he was approached by an undercover officer.  The officer requested "crystal," and handed Mr. Hernandez two five-dollar bills and one ten-dollar bill.  In exchange, Mr. Hernandez handed the undercover officer four small bags containing methamphetamine, completing the twenty-dollar sale.

Mr. Hernandez was arrested in this case on February 24, 2020. (*See* Docket No. 4 – Warrant Returned Executed on 2/24/2020).  Mr. Hernandez waived a detention hearing, and has been detained in Santa Rita Jail since. (*See* Docket No. 6).  At sentencing on May 26, Mr. Hernandez will have been in custody for 93 days.

Mr. Hernandez turned twenty-two shortly after his arrest in this case.  He traveled to the United States in order to earn money to send home to his family in Honduras.  He was recruited into street-level, hand-to-hand drug sales by a larger organization that has targeted the Tenderloin.

**WAIVER OF PERSONAL APPEARANCE**

Undersigned counsel, through a Spanish-language interpreter, has reviewed with Mr. Hernandez a defendant's right to be present at change of plea and sentencing, and the alternatives, pursuant to Northern District of California General Orders No. 72-2 and 74 and the CARES Act.

Undersigned counsel has discussed with Mr. Hernandez the merits of waiting until a sentencing can be held in-person, and counsel believes that Mr. Hernandez is making an informed decision regarding his right to personally appear.  Mr. Hernandez wishes to waive that right and proceed by telephone, and is prepared to state so on the record at the coming hearing.  Counsel has also discussed with Mr. Hernandez his right to a full Presentence Report, and he is prepared to waive that right and proceed with the modified report prepared by United States Probation.

## SENTENCING ARGUMENT

Criminal "punishment should fit the offender and not merely the crime."  *Williams v. New York*, 337 U.S. 241, 247 (1949).  That requires "the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue."  *Gall*, 552 U.S. at 52 (quotations omitted).  The factors detailed in 18 U.S.C. § 3553(a) assist the Court in fulfilling this mandate to make "an individualized assessment of a particular defendant's culpability rather than a mechanistic application of a given sentence to a given category of crime."  *United States v. Barker*, 771 F.2d 1362, 1365 (9th Cir. 1985).  The sentence recommended in the Sentencing Guidelines is only one factor for district courts to consider in making this judgment, and it may not be weighed more heavily than any other § 3553(a) factor.  *Gall*, 552 U.S. at 50; *see also Carty*, 520 F.3d at 991.

Mr. Hernandez asks that this Court impose a sentence of time served, which is consistent with the three-month sentence set forth in the plea agreement at Paragraph 8.  Mr. Hernandez asks that the Court order that the judgment reflect a sentence of "time-served," instead of "three months."  Counsel's understanding is that a sentence of "three months" will result in Mr. Hernandez being held in the Santa Rita Jail while the BOP conducts a credits calculation.  That is likely to result in an overstay of between two weeks and a month before the calculation is completed.  As indicated by the Modified Presentence Report, Mr. Hernandez has been in federal custody since February 24, 2020, and will have already served his sentence should the Court impose a sentence consistent with the recommendation of the parties.  Counsel for Mr. Hernandez has conferred with counsel for the government, who has no objection with the judgment reflecting a sentence of "time served."

### I.   Nature and Circumstances of the Defendant

Mr. Hernandez is young, and he is extraordinarily afraid of returning to Honduras due to the gang activity that currently plagues the country, targeting men his age for either recruitment or harm. He came to the United States to be able to send money back to his family so they could leave Honduras to flee the rising violence.[1]  Now, Mr. Hernandez faces deportation, and a lifetime bar from the United States, as he will have been convicted of an "aggravated felony."[2]

### II.   The Guidelines Sentencing Range

Mr. Hernandez agrees with the advisory Guideline Calculation set forth in the plea agreement: a base offense level of 12, reduced by 2 levels for acceptance of responsibility.  Mr. Hernandez has no criminal convictions, though he does have prior arrests.  With zero criminal history points, Mr. Hernandez falls into Criminal History Category I, which at Adjusted Offense Level 10 yields a guideline range of 6-12 months.

### III.   Avoiding Unwarranted Sentencing Disparities

While the Court must avoid unwarranted sentencing disparities among defendants with similar records convicted of similar conduct, the Ninth Circuit has explained sentencing courts must also "avoid 'unwarranted similarities among [defendants] who were not similarly situated.'"  *United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1058 (9th Cir. 2009) (quoting *Gall*, 552 U.S. at 55 (emphasis and brackets in original)); *see also* 18 U.S.C. § 3553(a)(6).

Mr. Hernandez is at the bottom of the Tenderloin drug-sales food chain, selling drugs in such small quantities that fulfilling the undercover officer's twenty-dollar order required five separate baggies.  The Federal Defender has compiled the following chart of federal sentencings from hand-

---

[1] *See* UN News, "Coronavirus lockdowns in Central America, exploited by criminal gangs" (https://news.un.org/en/story/2020/05/1064172)

[2] Mr. Hernandez's conviction under § 841 is a categorical "aggravated felony" under immigration law and he will be ineligible for any relief from deportation.  *See* 8 U.S.C. § 1101(a)(43)(B) (defining "aggravated felony" in part as "illicit trafficking in a controlled substance (as defined in [21 U.S.C. § 802]), including a drug trafficking crime (as defined in [18 U.S.C. § 924(c)])"); *see also United States v. Alvarado-Pineda*, 774 F.3d 1198, 1201 (9th Cir. 2014) ("noncitizens convicted of aggravated felonies are removable on that basis…and are ineligible for almost all forms of discretionary relief.") (citations omitted).  If he decides to illegally return to the United States, he can be prosecuted for illegal reentry after removal under 8 U.S.C. § 1326, and subject to a harsher statutory penalty.  *See* 8 U.S.C. § 1326(b)(2) (statutory maximum of 20 years for illegal reentry defendant with a prior "aggravated felony").

DEFENDANT'S SENTENCING MEMORANDUM
*HERNANDEZ*, CR 20–20 WHA

to-hand drug sales in the Tenderloin.  Mr. Hernandez submits that the sentence recommended by the parties would avoid unwarranted sentencing disparity with other defendants, including those who have more serious criminal histories.

| Name | Case No. | Drug | Sale Amt. | CHC | USSG Range | Sentence | Priors |
|------|----------|------|-----------|-----|------------|----------|--------|
| Wilson Acosta-Valle | 19-560-VC | Crack, heroin | | II | 8-14 | 111 days | Federal drug case |
| Santos Aguilar | 19-454-VC | Heroin, meth | $20 | II | 15-21 | 152 days | Illegal reentry |
| Brayan Arteaga | 19-426-WHO | Crack | $16 | II | 8-14 | 37 days | |
| Wilfredo Cabrera | 19-452-WHO | Heroin | $17 | II | 8-14 | 132 days | 4 year drug sentence; 6 deports |
| Welbur Cardona-Navarro | 19-541-WHO | Heroin, crack | $20 | III | 24-30 | 12 months + 1 day | 2 illegal entries |
| Yerlyn Cruz-Ortiz | 19-453-SI | Crack | $16 | V | 21-27 | 15 mo | On supervised release for illegal reentry |
| Ronny Dixson | 19-527-WHO | Heroin | | III | 18-24 | 12 months + 1 day | 8 drug felonies, including sales |
| Jesus Flores | 19-429-SI | Cocaine, heroin, meth | $15 | I | 10-16 | 118 days | 2 deports |
| David Lopez Mejia | 19-661-VC | Crack | $20 | III | 15-21 | 125 days | 2 drug sales |
| Ismael Martinez | 19-650-RS | Crack, meth | | I | 0-6 | 48 days | |
| David Medina-Guerrero | 20-26-RS | Crack | $20 | III | 10-16 | 83 days | |
| Pedro Muncia | 19-428-CRB | Heroin, crack, meth | $20 | II | 8-14 | 126 days | Federal drug case, deport |
| Jose Ramos-Varela | 19-713-EMC | Meth | $20 | I | 10-16 | 57 days | |
| Anival Ramos-Velasquez | 19-503-EMC | Heroin, crack | $20 | I | 6-12 | 111 days | |
| Delmar Rosales-Avila | 19-536-VC | Fentanyl | $20 | III | 15-21 | 180 days | |
| Aaron Servellon | 19-689-RS | Crack, heroin, meth, fentanyl | $25 | I | 12-18 | 102 days | |
| Ristir Trejo | 19-535-RS | Fentanyl, crack, heroin | $20 | II | 21-27 | 140 days | |
| Luis Vargas-Valle | 19-386-RS | Crack | $21 | II | 8-14 | 6 months | 32 month illegal reentry sentence |
| Kelier Velasquez-Jossel | 19-483-EMC | Crack | $16 | I | 6-12 | 125 days | |
| Marco Velasquez-Trinidad | 19-456-WHO | Crack | $17 | I | 6-12 | 120 days | |

| Corey Wyatt | 19-396-RS | Alprazolam | $20 | VI | 6-12 | 99 days | Involuntary manslaughter, assault with deadly weapon |
|---|---|---|---|---|---|---|---|

## CONCLUSION

For the foregoing reasons, Mr. Hernandez respectfully requests that the Court impose a sentence of three months, "credit for time served," to be followed by three years of supervised release subject to the terms set forth in the Plea Agreement and Modified Presentence Report.

Dated:     May 19, 2020                     Respectfully submitted,

STEVEN G. KALAR
Federal Public Defender
Northern District of California

_____/S_____
GRAHAM ARCHER
Assistant Federal Public Defender